## ADDISON COUNTY.

### January Term, 1840.

---

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, 
" ISAAC F. REDFIELD, } *Assistant Justices.*
" MILO L. BENNETT, 

---

## Administrator of John North *v.* Barnum and Rich.

An administrator, in possession of lands of which his intestate died seized and possessed, does not hold adversely to the right of his intestate, and cannot acquire a title, in his own right, by the statute of limitations.

Where A. in his life time, had executed a deed, which he claimed to have been obtained of him fraudulently, it is competent for his representatives to show that he repudiated the deed, and, during his life time, remained in possession, claiming to hold adversely to that deed

Ejectment, for thirty-three acres of land in Shoreham, being the south part of lot No. 8, in the third division of the right of Jonathan Gates. Plea, not guilty. Issue to the country.

Upon the trial in the county court, it was admitted that the defendants were in possession of the land in question, at the time of the commencement of this suit.

The plaintiff introduced testimony tending to prove that John North went into possession of lot No. 8, in the year 1787 ; that on the 18th of January, 1789, Daniel Newton conveyed to John North, and his brother, Simeon North, the north half of lot No. 8, and that on the 29th of December, 1791, Solomon Barnum conveyed to John North the south

Addison,
January,
1840.
—————
Administrator
of North
v.
Barnum &
Rich.

half of said lot No. 8 ; that the said John cleared and improved the south half of said lot to the south line thereof and had the exclusive possession of said south half, claiming to be the owner of it, from the time he first went into possession, in 1787, to the time of his death, which occurred in July, 1799; that the said John left a widow and two children, who continued in possession of said south half until the marriage of the widow of said John to Stephen Barnum ; that said marriage took place in December or January next following the death of said John ; that in December, 1799, the said Stephen was appointed administrator of the estate of said John, and, as such administrator, on the 14th of January, 1800, returned to the probate court an inventory of the estate of the said John, embracing, as part of said estate, " fifty acres of lot No. 8, and buildings, 3d division of Jonathan Gates ;" that immediately afterwards, the said Stephen took possession of said south half of said lot and continued in possession of the thirty-three acres, described in the declaration, to the time of his death, which occurred in 1834.

It appeared, from the probate records, that the personal estate of the said John, was more than sufficient to pay all the debts due from the estate.

The defendants then gave in evidence the record of a deed from John and Simeon North to Comfort Carpenter, of the whole of lot No. 8, dated April 28, 1794, and a mortgage deed from said Carpenter to Ephraim Doolittle, of seventy five acres on the north part of said lot, dated April 16, 1794, and a decree of foreclosure against Carpenter upon said mortgage deed.

The defendants also offered the record of a judgment in favor of Simeon North against said Carpenter and a levy of an execution, issued thereon, upon fifty-six acres of the south part of lot No. 8, which levy was objected to, by the plaintiff, on the ground that the officer's return was not signed ; but it was admitted by the court. The defendants also gave in evidence the record of a judgment in favor of John North against Carpenter, and the levy of an execution, issued thereon, upon forty-three acres of the north part of said lot, and a quit claim deed from Simeon North to Stephen Barnum, dated March 21, 1806, of forty acres on the south side of lot No. 8, and a deed of thirty-three and half acres of the

south part of said lot, from Liberty Newton to Stephen Barnum, dated June 19, 1801, which levy and deeds were objected to by the plaintiff, but were admitted by the court.

Testimony was also introduced, by the defendants, tending to show that Simeon North occupied a house standing on the land in question, previous to the death of John North; that after the death of said John and after the marriage of his widow to Stephen Barnum, Liberty Newton occupied a part of the land in question, claiming title thereto; that Simeon North, after his levy, claimed title under it and sold his interest to Liberty Newton.

Addison,
January,
1840.

Administrator
of North
v.
Barnum &
Rich.

There was evidence in the case, tending to show that John North's house, in which he lived, was north of the centre of the lot, or on the north half of it.

The defendants introduced further testimony, tending to show that in March, 1800, Barnabus Chipman went into possession, under Doolittle, of the seventy five acres that had been mortgaged to Doolittle; that Chipman purchased of Doolittle and ever afterwards occupied and improved said seventy five acres.

The plaintiff then introduced testimony tending to show that Carpenter never took possession of the land deeded to him by the Norths; that John North, after the execution of the deed to Carpenter, continued in possession of the land in question, claiming to hold adversely to Carpenter and that the deed to Carpenter was fraudulently obtained; that Simeon North never took possession under his levy against Carpenter, but soon after removed to the State of New York; that no one was in possession of the land in question, after the death of John North, except Stephen Barnum; that the land occupied by Liberty Newton was south of the land in question and that when Barnabus Chipman took possession of the seventy five acres, in the spring of 1800, he and Stephen Barnum made the division fence between the seventy-five acres and the land in question.

The plaintiff also offered in evidence several depositions, tending to prove that Stephen Barnum took possession of the land in question, as administrator of the estate of John North, and that Stephen Barnum, while in possession, and

Addison,
January,
1840.

Administrator
of North
v.
Barnum &
Rich.

several years after having taken a deed of the land to himself, and after the settlement of his final administration account in the probate court, in 1811, admitted that the land belonged to John North's children, and that he held it as administrator of the estate of John North.

The depositions further tended to prove that John North, immediately after the conveyance of the land by the Norths to Carpenter, insisted that Carpenter had paid for the land, so conveyed, in forged notes, and that John North, while in the possession of the land in question, from time to time, declared that he intended to hold it against Carpenter, as Carpenter had defrauded him in procuring the deed and paying for the land in said forged notes. Such parts of the depositions as tended to prove these facts, were excluded by the court.

The depositions further tended to prove that Carpenter was arrested on a charge for forgery, connected with the purchase of the land, by him, of the Norths, and bound over for trial, and committed to jail in Rutland county on such charge; but the court also excluded such parts of the depositions as tended to prove the latter facts.

The plaintiff requested the court to charge the jury, that, if they were satisfied, from the evidence, that Stephen Barnum took possession of the land in question as the estate of John North, then the deed from Simeon North to Stephen Barnum must enure to the benefit of John North's estate. The court refused so to instruct the jury, but instructed them, that, if John North had the exclusive possession of the land in question for the space of fifteen years, without interruption, claiming to hold it against his deed to Carpenter, such possession was sufficient evidence of title in the intestate, and, if the jury so found, their verdict must be for the plaintiff. And the court further instructed the jury, that, if John North was in possession of the land at the time of his death, claiming to hold it against the deed to Carpenter, then the deed from Simeon North to Stephen Barnum, would enure to the benefit of the plaintiff, and their verdict would be for the plaintiff. But, if John North, while in possession, claimed to hold under his levy, only, then their verdict must be for the defendants, as the levy did not cover the land in controversy, but another portion of the lot.

The jury found a verdict for the defendants, and the plaintiff excepted.

——————, for defendant.

ADDISON,
January,
1840.

Administrator
of North,
v.
Barnum &
Rich.

It was sufficient to entitle the plaintiff to recover in this suit, that John North had been, for eight or nine years, in possession of the land in question, under his deed from Solomon Barnum, claiming title thereto, continuing in possession until his death, and that Stephen Barnum, as administrator of North, took and retained possession.

As between the heirs of John North and the administrator, it would be of no importance, if, at the time of North's decease, Carpenter's title was, in fact, a good and valid title, so long as no claim had been made by Carpenter.

The administrator could no more protect himself in the possession of the premises, as against the heirs, by an outstanding title, than he could by a title he had purchased or obtained by possession. He was precluded from doing either by his relation to the estate.

The levy of the execution in favor of Simeon North, ought not to have been given in evidence. It was not a legal levy and vested in him no title.

The court erred in rejecting the parts of the depositions that showed that John North resisted the title of Carpenter, because he obtained his deed fraudulently.

The court erred in refusing to instruct the jury, as requested, as to the inability of the administrator to acquire for himself a title to the estate he was in possession of as administrator.

The court were not correct in their instruction in relation to the statute of limitations. They say that fifteen years possession by John North, is sufficient to make a title, but do not say that a continuation of the possession, by the administrator, so as to make out the fifteen years, would have the same effect, leaving it to be inferred and taken in connexion with the testimony they had permitted the defendant to introduce, amounting to an intimation that the effect of the administrator's possession was to make a title in himself.

The charge of the court in instructing the jury, that, to authorize a verdict for the plaintiff, they must find that John North was in possession of the land at the time of his decease, claiming to hold it against the deed of Carpenter, was incorrect, and tended to mislead the jury, giving them to un-

ADDISON,
January,
1840.

Administrator
of North
v.
Barnum &
Rich.

derstand that if there was evidence of any act of John North, recognizing a title in Carpenter, by virtue of his deed, such as levying an execution on any part of the land, as Carpenter's, they could not give a verdict for the plaintiff.

It appears, from the case, that all the right or title that Stephen Barnum had, to the land in question, grew out of his getting possession of it as administrator of John North's estate, and belonged to the estate, and not to Barnum in his own right. If another person had taken administration of the estate and gone into possession, all the evidence of Barnum's ownership would not have furnished him a pretence for claiming the land, and if the court had not admitted improper testimony, or had given the jury proper instructions, the verdict must have been for the plaintiff.

*C. Linsley*, for defendants.

I. Testimony is often admissible in one point of view, or for one purpose, when it might not be for any other. Thus, the levy of the execution in favor of John North against Carpenter, though a nullity, as evidence of title, yet, as evidence to rebut the claim that John North held adversely to Carpenter's title, it was manifestly proper and pertinent testimony. The attempting to levy his execution on the land, was saying that Carpenter has the title.

II. The plaintiff has had the full benefit of the decision in his favor at the last term ; for the court say if *John North* was in possession, claiming adversely to Carpenter's deed, then Simeon North's deed was to enure to the benefit of the administrator. But, if John North claimed under his levy, it would be obvious that the claim he had on lot No. 8, did not reach the land in dispute, but was on the north end of the lot, and was destroyed or taken away by the foreclosure of the Doolittle mortgage, and that the fifty acres inventoried at North's death, before foreclosure of the mortgage, was the north half of the lot, the only part to which he had any apparent or colorable paper title, and that it could not be made available to the estate, because mortgaged for its full value.

III. It cannot well be conceived how the charge could be made more favorable for the plaintiff, for it must be conceded if John North was in the occupancy of the lot, claiming under his levy, there is no ground on which to sustain this suit.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—It appears to us that the plaintiff was entitled to have the jury instructed as he requested, and that the attention of the jury was not directed to the question in dispute.

ADDISON,
January,
1840.

Administrator
of North
v.
Barnum &
Rich.

The plaintiff claims as administrator *de bonis non* of John North. The claim of the defendant was, probably, under a deed from Stephen Barnum, although this does not appear from the case, as now presented. Stephen Barnum married the widow of John North, and was the former administrator of his estate. When this case was before us two years ago, it was decided that if John North was in possession of the premises in dispute, and died seized, Stephen Barnum, his administrator, who married his widow and remained in possession, could not purchase in a title for his own benefit. To avail himself of this decision, the plaintiff introduced testimony to prove the seizin and death of John North, the marriage of his widow and the possession of the administrator. This possession gave an apparent title to the representatives of the intestate. The defendants then introduced a deed from the intestate and his brother, to Comfort Carpenrer, dated 28th April, 1794. Under this deed, a part of the premises have passed away from the representatives of John North, by a mortgage from Carpenter to one Doolittle. The part thus mortgaged to Doolittle, is not now in controversy. There was a levy of an execution in favor of Simeon North, on the premises in dispute, but, as this was defective, it conveyed no title. The defendants acquired no title under Carpenter, and the deed to him was of no consequence, unless it was to show a title out of the plaintiff. The possession of John North, and the subsequent possession of his administrator, Stephen Barnum, for fifteen years after the deed to Carpenter, perfected the title of the plaintiff against Carpenter and all others, and the jury should have been so instructed and their attention drawn to that fact. The levy of the execution of John North against Carpenter, was on the north part of lot No. 8. It was, therefore, wholly immaterial whether he claimed under that levy, if, in point of fact, he was in possession of the south half, claiming title thereto. The court below, therefore, were wrong in directing the attention of the jury to the levy of the execution on the north part,

FRANKLIN,
January,
1840.

Administrator
of North
v.
Barnum &
Rich.

and a possession under it, about which it does not appear any evidence was given.

If there was any importance attached to the deed to Carpenter in 1794, the testimony offered by the plaintiff, to show that he repudiated and rejected the claim of Carpenter and held adverse to him, should have been admitted.

The judgment of the county court is reversed.